NO. 07-08-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2008
______________________________

RONALD WAYNE HARRISON, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 271ST DISTRICT COURT OF JACK COUNTY;

NO. 4205; HON. JOHN H. FOSTEL, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Ronald Wayne Harrison appeals his conviction for indecency with a child by
asserting that 1) the evidence was legally insufficient, 2) the trial court abused its discretion
in overruling appellant’s objection to testimony from a deputy, and 3) the trial court erred
in failing to grant appellant’s motion for mistrial. We affirm the judgment. 
 
 
          Issue 1 - Sufficiency of Evidence to Support Enhancement Finding
          In his first issue, appellant challenges the legal sufficiency of the evidence to support
the jury’s finding with respect to an enhancement paragraph in the indictment. Through
the indictment, the State alleged that appellant previously had been convicted of
burglarizing a habitation “on the 9th day of November, 1994, in cause number F-9430228-MV in the 292nd Judicial District Court of Dallas County, Texas.” Appellant pled not true to
the allegation. The State then tendered evidence illustrating that he had indeed committed
the offense. However, reference to the county in which the conviction occurred changed
from Dallas to Tarrant in the jury charge. The jury, nonetheless, found the enhancement
paragraph to be true. Now appellant argues that because there was no proof that he was
convicted in Tarrant County, no evidence supports the finding. We overrule the issue. 
          We test the legal sufficiency of the evidence via the standard set forth in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and against the allegations
contained in a hypothetically correct jury charge. Gollihar v. State, 46 S.W.3d 243, 252
(Tex. Crim. App. 2001); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Moreover, these requirements apply irrespective of whether the appellant attacks the
sufficiency of the evidence underlying the current conviction or the establishment of the
allegations in an enhancement paragraph. Young v. State, 14 S.W.3d 748, 750 (Tex.
Crim. App. 2000) (stating that Malik’s principles apply equally to the affirmative findings
necessary to sustain the imposition of an enhanced punishment). 
          Next, the hypothetically correct charge at bar would have asked whether the prior
offense was committed in Dallas as opposed to Tarrant County. Furthermore, the record
is replete with evidence illustrating that the situs of the earlier crime was Dallas County, a
fact no one denies. So, upon applying Gollihar and Malik, we cannot but conclude that the
finding as to the enhancement paragraph enjoyed the support of legally sufficient evidence. 
          Issue 2 - Testimony of Deputy
          Next, appellant questions whether the trial court erred in overruling his Rule 403
objection. That objection was directed at the testimony of a deputy sheriff who purportedly
heard appellant state, several months before trial, that if he could make eye contact with
the child victim, he would not be found guilty. We overrule the issue.
          The decision to admit evidence is reviewed under the standard of abused discretion. 
Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). And, such an abuse occurs
only when the decision falls outside the zone of reasonable disagreement. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (dealing with a Rule 403 objection). 
          Next, Rule 403 of the Texas Rules of Evidence permits the exclusion of relevant
evidence when its probative value is substantially outweighed by the danger of unfair
prejudice. Tex. R. Evid. 403. Here, appellant argues that the evidence in question was
prejudicial and had little probative value. Yet, one can reasonably interpret the comment
overheard by the deputy as a threat of intimidation directed towards the child victim in effort
to prevent her from testifying. It has long been recognized that effort by a defendant to
prevent a witness from testifying is generally admissible as conduct showing a
consciousness of guilt, which conduct tends to prove commission of the offense. 
Rodriguez v. State, 577 S.W.2d 491, 492-93 (Tex. Crim. App. 1979). Being evidence of
a consciousness of guilt, appellant’s utterance was both relevant and probative, especially
since the conviction rested in large part on the testimony of the victim he proposed to
intimidate. And, while the statement is prejudicial, it is not unfair. That is, it does not give
rise to the type of prejudice contemplated by Rule 403, such as prejudice arising from
emotion or bias. Karnes v. State, 127 S.W.3d 184, 191 (Tex. App.–Fort Worth 2003, no
pet.). Rather, the chance of harm it posed is no different than the harm posed by any other
admissible evidence illustrating guilt. So, after considering it within the framework
discussed in Montgomery v. State, supra, we cannot say that the trial court’s decision to
admit the statement fell outside the zone of reasonable disagreement. 
          Issue 3 - Motion for Mistrial
          In his last issue, appellant complains of the trial court’s failure to grant his motion
for mistrial. That motion was made after the judge revealed to the parties that a juror had
approached and informed him that the juror believed he may know someone who may be
a witness.


 In lieu of asking for opportunity to examine the juror in effort to determine
whether the relationship would impact his ability to be fair and impartial, appellant simply
asked for a mistrial. The latter was denied. We overrule the issue.
          Like questions regarding the admission of evidence, those concerning decisions to
deny mistrial are reviewed under the standard of abused discretion. Archie v. State, 221
S.W.3d 695, 699 (Tex. Crim. App. 2007). Furthermore, we note that when a juror
withholds material information during voir dire, mistrial may be appropriate. Franklin v.
State, 138 S.W.3d 351, 353-54 (Tex. Crim. App. 2004). When the information withheld is
immaterial and the record does not show that the defendant was denied an impartial jury
or a fair trial, denying mistrial is not error. Decker v. State, 717 S.W.2d 903, 907-08 (Tex.
Crim. App. 1986). Additionally, a juror’s mere familiarity with a witness is not necessarily
material information. Franklin v. State, 12 S.W.3d 473, 478 (Tex. Crim. App. 2000);
Decker v. State, 717 S.W.2d at 907. Its materiality depends upon whether the nature of
the relationship carries with it a potential for bias or prejudice sufficient to warrant the
juror’s exclusion from the panel. Sypert v. State, 196 S.W.3d 896, 900 (Tex.
App.–Texarkana 2006, pet. ref’d).
          Here, all we have before us is evidence that a juror recognized someone in the hall
outside the courtroom. Missing is evidence illustrating whether the individual actually was
a potential witness or merely a spectator. Undoubtedly, that could affect our analysis of
the issue. So too do we lack any record developing the extent of the juror’s relationship
with that person. That too could influence how we view the impact, if any, of the
relationship upon the juror’s deliberations. Again, appellant simply asked for a mistrial. 
Neither litigant made effort to investigate or develop the situation, according to the record
before us. Given this, we cannot say that appellant illustrated the relationship in question
was material in any way. 
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.