NO. 07-08-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2008
_____

RONALD WAYNE HARRISON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 271ST DISTRICT COURT OF JACK COUNTY;

NO. 4205; HON. JOHN H. FOSTEL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ronald Wayne Harrison appeals his conviction for indecency with a child by asserting that 1) the evidence was legally insufficient, 2) the trial court abused its discretion in overruling appellant's objection to testimony from a deputy, and 3) the trial court erred in failing to grant appellant's motion for mistrial. We affirm the judgment.

*Issue 1 - Sufficiency of Evidence to Support Enhancement Finding*

In his first issue, appellant challenges the legal sufficiency of the evidence to support the jury's finding with respect to an enhancement paragraph in the indictment. Through the indictment, the State alleged that appellant previously had been convicted of burglarizing a habitation "on the 9th day of November, 1994, in cause number F-9430228-MV in the 292nd Judicial District Court of Dallas County, Texas." Appellant pled not true to the allegation. The State then tendered evidence illustrating that he had indeed committed the offense. However, reference to the county in which the conviction occurred changed from Dallas to Tarrant in the jury charge. The jury, nonetheless, found the enhancement paragraph to be true. Now appellant argues that because there was no proof that he was convicted in Tarrant County, no evidence supports the finding. We overrule the issue.

We test the legal sufficiency of the evidence via the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and against the allegations contained in a hypothetically correct jury charge. *Gollihar v. State,* 46 S.W.3d 243, 252 (Tex. Crim. App. 2001); *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Moreover, these requirements apply irrespective of whether the appellant attacks the sufficiency of the evidence underlying the current conviction or the establishment of the allegations in an enhancement paragraph. *Young v. State,* 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) (stating that *Malik's* principles apply equally to the affirmative findings necessary to sustain the imposition of an enhanced punishment).

Next, the hypothetically correct charge at bar would have asked whether the prior offense was committed in Dallas as opposed to Tarrant County. Furthermore, the record

2

is replete with evidence illustrating that the situs of the earlier crime was Dallas County, a fact no one denies. So, upon applying *Gollihar* and *Malik*, we cannot but conclude that the finding as to the enhancement paragraph enjoyed the support of legally sufficient evidence.

*Issue 2 - Testimony of Deputy*

Next, appellant questions whether the trial court erred in overruling his Rule 403 objection. That objection was directed at the testimony of a deputy sheriff who purportedly heard appellant state, several months before trial, that if he could make eye contact with the child victim, he would not be found guilty. We overrule the issue.

The decision to admit evidence is reviewed under the standard of abused discretion. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). And, such an abuse occurs only when the decision falls outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (dealing with a Rule 403 objection).

Next, Rule 403 of the Texas Rules of Evidence permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. Here, appellant argues that the evidence in question was prejudicial and had little probative value. Yet, one can reasonably interpret the comment overheard by the deputy as a threat of intimidation directed towards the child victim in effort to prevent her from testifying. It has long been recognized that effort by a defendant to prevent a witness from testifying is generally admissible as conduct showing a consciousness of guilt, which conduct tends to prove commission of the offense. *Rodriguez v. State,* 577 S.W.2d 491, 492-93 (Tex. Crim. App. 1979). Being evidence of a consciousness of guilt, appellant's utterance was both relevant and probative, especially

3

since the conviction rested in large part on the testimony of the victim he proposed to intimidate. And, while the statement is prejudicial, it is not unfair. That is, it does not give rise to the type of prejudice contemplated by Rule 403, such as prejudice arising from emotion or bias. *Karnes v. State,* 127 S.W.3d 184, 191 (Tex. App.–Fort Worth 2003, no pet.). Rather, the chance of harm it posed is no different than the harm posed by any other admissible evidence illustrating guilt. So, after considering it within the framework discussed in *Montgomery v. State*, *supra*, we cannot say that the trial court's decision to admit the statement fell outside the zone of reasonable disagreement.

*Issue 3 - Motion for Mistrial*

In his last issue, appellant complains of the trial court's failure to grant his motion for mistrial. That motion was made after the judge revealed to the parties that a juror had approached and informed him that the juror believed he may know someone who may be a witness.[1] In lieu of asking for opportunity to examine the juror in effort to determine

---

[1]The substance of the exchange between the court and counsel follows:

> COURT: Let the record reflect the Court has advised the attorneys that during the break one of the jurors approached me and stated that the prosecution had asked whether they knew one of the names of one of the prosecution's witnesses, that he didn't recognize the name. That he knew and that he had seen a witness, that he thought he did know. And he basically said I don't know if I can make a good juror. Whereupon, the Court advised him that he had already been qualified and he was on the jury.
>
> Prosecution?
>
> [STATE]: No questions or comments.
>
> [DEFENSE]: Your Honor - -
>
> COURT: Defendant?
>
> [DEFENSE]: Your Honor, I appreciate the Court bringing that information to my attention. The Defendant moves for mistrial at this time.

4

whether the relationship would impact his ability to be fair and impartial, appellant simply asked for a mistrial. The latter was denied. We overrule the issue.

Like questions regarding the admission of evidence, those concerning decisions to deny mistrial are reviewed under the standard of abused discretion. *Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Furthermore, we note that when a juror withholds material information during voir dire, mistrial may be appropriate. *Franklin v. State,* 138 S.W.3d 351, 353-54 (Tex. Crim. App. 2004). When the information withheld is immaterial and the record does not show that the defendant was denied an impartial jury or a fair trial, denying mistrial is not error. *Decker v. State,* 717 S.W.2d 903, 907-08 (Tex. Crim. App. 1986). Additionally, a juror's mere familiarity with a witness is not necessarily material information. *Franklin v. State,* 12 S.W.3d 473, 478 (Tex. Crim. App. 2000); *Decker v. State,* 717 S.W.2d at 907. Its materiality depends upon whether the nature of the relationship carries with it a potential for bias or prejudice sufficient to warrant the juror's exclusion from the panel. *Sypert v. State,* 196 S.W.3d 896, 900 (Tex. App.–Texarkana 2006, pet. ref'd).

---

COURT: All right. I'm - - I'm going to deny your motion for mistrial.

The Court finds that the - - based upon the conversation, he did not recognize a name and did not purposely withhold that information from the Court.

It was upon viewing an individual which may or may not be a juror in the case - - I mean, witness in the case. I don't know if he would know whether or not it was or was not but at any rate, that's the Court's ruling.

Thank you.

[DEFENSE]: Thank you, Judge.

5

Here, all we have before us is evidence that a juror recognized someone in the hall outside the courtroom. Missing is evidence illustrating whether the individual actually was a potential witness or merely a spectator. Undoubtedly, that could affect our analysis of the issue. So too do we lack any record developing the extent of the juror's relationship with that person. That too could influence how we view the impact, if any, of the relationship upon the juror's deliberations. Again, appellant simply asked for a mistrial. Neither litigant made effort to investigate or develop the situation, according to the record before us. Given this, we cannot say that appellant illustrated the relationship in question was material in any way.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.