

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-09-00405-CR

WILLIAM EARL ALEXANDER                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single issue, William Earl Alexander challenges his conviction and ninety-nine year sentence for aggravated assault with a deadly weapon because a juror did not disclose during jury selection that she recognized him. We affirm.

### Background

During jury selection, the State asked, "How many people feel like they might know [appellant]?" Several people responded affirmatively, and the

---

[1]*See* Tex. R. App. P. 47.4.

prosecutor told them that he was "[p]robably going to talk about that at the end of the voir dire in a more private setting, about what you know about [appellant]." After the jury convicted appellant and the trial court sentenced him in accordance with the jury's assessment of punishment, appellant filed a motion for new trial, in which he alleged that "a juror in the case failed to disclose a prior relationship with the defendant during jury selection," which "prevented the defendant from intelligently exercising his peremptory challenges."

At the new trial hearing, appellant testified that a friend who had been at the trial told him "later" that "maybe one of the jurors knew [appellant]." Appellant believed that juror Ogle was an owner or co-owner of a private nightclub in Granbury from which appellant had been ejected several times.[2] Ogle was not one of the jurors who admitted knowing appellant during voir dire. Appellant did not recognize Ogle during the trial, and he admitted that he did not know her personally, nor would he have ever realized that he knew her but for his friend's telling him so. According to appellant, however, if he had known Ogle's identity, he would have exercised a peremptory strike against her.

Ogle filed a sworn affidavit and testified at the new trial hearing. She said that she does not know appellant and that she did not recognize him during voir dire. On the second day of trial, she recognized appellant's face but could not

_____

[2]Appellant said he was thrown out of the club two or three times for "confrontations" as opposed to actual fighting, but he agreed that the ejections "made a scene" each time.

remember where she had seen him. Ogle did not tell the court or the jury that she recognized appellant's face. She testified that she was never personally involved with throwing appellant out of the club and that she was never involved with any problems her employees had with throwing appellant out of the club. Ogle did not know appellant's reputation. According to Ogle, her recognizing appellant's face had no effect on her verdict.

The trial court denied appellant's motion for new trial.

## Analysis

Appellant contends that the juror withheld material information during the voir dire process that affected his opportunity to intelligently exercise his peremptory challenges.

Initially, the burden is on the parties to be diligent during voir dire and ask all pertinent questions to reveal potential bias. *Gonzales v. State*, 3 S.W.3d 915, 917–18 (Tex. Crim. App. 1999); *Lopez v. State*, 261 S.W.3d 103, 106 (Tex. App.—San Antonio 2008, pet. ref'd), *cert. denied*, 130 S. Ct. 403 (2009). When, notwithstanding the complaining party's diligence during voir dire, a juror later discloses his knowledge of or relationship with a witness, the juror is considered to have withheld information during voir dire. *See Franklin v. State*, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000) ("*Franklin I*"); *Lopez*, 261 S.W.3d at 106–07. When the withheld information is material, it is constitutional error to deny a motion for mistrial because it denies parties the opportunity to exercise their challenges, hampering the selection of a disinterested and impartial jury.

3

*Franklin v. State*, 138 S.W.3d 351, 353–54, 356–57 (Tex. Crim. App. 2004) ("*Franklin II*"); *Salazar v. State*, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978); *Lopez*, 261 S.W.3d at 107. When the withheld information is not material and the record does not show the appellant has been deprived of an impartial jury or denied a fair trial, the trial court's denial of a motion for mistrial is not error. *Decker v. State*, 717 S.W.2d 903, 907–08 (Tex. Crim. App. 1986) (op. on reh'g); *Lopez*, 261 S.W.3d at 107.

"To determine materiality, we evaluate whether the withheld information would likely reveal the juror harbored a bias or prejudice to such a degree that the juror should have been excused from jury service." *Lopez*, 261 S.W.3d at 107; *Sypert v. State*, 196 S.W.3d 896, 900 (Tex. App.—Texarkana 2006, pet. ref'd). "[M]ere familiarity with a witness is not necessarily material information." *Franklin I*, 12 S.W.3d at 478. A potential juror's acquaintance with a witness is material only if the nature of the relationship reveals a potential for bias or prejudice on the part of the juror. *See id*.; *Decker*, 717 S.W.2d at 907. Moreover, the fact that the juror did not intentionally withhold information "is largely irrelevant when considering the materiality of the information withheld." *Franklin I*, 12 S.W.3d at 478. "That a juror will state that the fact that he withheld information will not affect his verdict is not dispositive of the issue where the information is material and therefore likely to affect the juror's verdict." *Id*.

Here, Ogle testified only that she recognized appellant's face, but she did not know from where. She did not make any connection between appellant and

4

the club.  Likewise, appellant did not know Ogle or recognize her; he did not make any connection between her and the club until a friend pointed it out. Moreover, Ogle knew nothing about appellant's reputation and had no personal involvement with his being thrown out of the club.  In fact, there is no evidence that her connection to the club was of a nature that she would necessarily have known about appellant's being thrown out.[3]  Thus, nothing in the motion for new trial evidence showed that the nature of the potential acquaintance between appellant and Ogle revealed a potential bias or prejudice on the juror's part.  *See Decker*, 717 S.W.2d at 906–08; *Lopez*, 261 S.W.3d at 108.

We overrule appellant's sole issue.

## Conclusion

Having overrruled appellant's sole issue on appeal, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 21, 2010

---

[3]Ogle testified only that she was "connected to" the club, which was named R.C.'s, and that she was the "R" in the name.  At the time of the motion for new trial, the club was no longer operating.

5