02-09-405-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00405-CR

 

 


 
 
 WILLIAM EARL ALEXANDER
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

                                                                                                                             

 

------------

 

FROM THE 355TH
 DISTRICT COURT OF HOOD
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          In a single issue, William Earl
Alexander challenges his conviction and ninety-nine year sentence for
aggravated assault with a deadly weapon because a juror did not disclose during
jury selection that she recognized him. 
We affirm.

Background

          During jury selection,
the State asked, “How many people feel like they might know [appellant]?”  Several people responded affirmatively, and
the prosecutor told them that he was “[p]robably going to talk about that at
the end of the voir dire in a more private setting, about what you know about
[appellant].”  After the jury convicted
appellant and the trial court sentenced him in accordance with the jury’s
assessment of punishment, appellant filed a motion for new trial, in which he
alleged that “a juror in the case failed to disclose a prior relationship with
the defendant during jury selection,” which “prevented the defendant from
intelligently exercising his peremptory challenges.”

At the new trial hearing, appellant testified that a
friend who had been at the trial told him “later” that “maybe one of the jurors
knew [appellant].”  Appellant believed
that juror Ogle was an owner or co-owner of a private nightclub in Granbury
from which appellant had been ejected several times.[2]  Ogle was not one of the jurors who admitted knowing
appellant during voir dire.  Appellant
did not recognize Ogle during the trial, and he admitted that he did not know
her personally, nor would he have ever realized that he knew her but for his
friend’s telling him so.  According to
appellant, however, if he had known Ogle’s identity, he would have exercised a
peremptory strike against her.

          Ogle filed a sworn affidavit and
testified at the new trial hearing.  She
said that she does not know appellant and that she did not recognize him during
voir dire.  On the second day of trial,
she recognized appellant’s face but could not remember where she had seen
him.  Ogle did not tell the court or the
jury that she recognized appellant’s face. 
She testified that she was never personally involved with throwing
appellant out of the club and that she was never involved with any problems her
employees had with throwing appellant out of the club. Ogle did not know appellant’s
reputation.  According to Ogle, her
recognizing appellant’s face had no effect on her verdict.

          The trial court denied appellant’s
motion for new trial.

Analysis

Appellant
contends that the juror withheld material information during the voir dire
process that affected his opportunity to intelligently exercise his peremptory
challenges.

Initially,
the burden is on the parties to be diligent during voir dire and ask all
pertinent questions to reveal potential bias. 
Gonzales v. State, 3 S.W.3d
915, 917–18 (Tex. Crim. App. 1999); Lopez
v. State, 261 S.W.3d 103, 106 (Tex. App.––San Antonio 2008, pet. ref’d), cert. denied, 130 S. Ct. 403 (2009).  When, notwithstanding the complaining party’s
diligence during voir dire, a juror later discloses his knowledge of or
relationship with a witness, the juror is considered to have withheld information
during voir dire.  See Franklin v. State, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000) (“Franklin I”); Lopez, 261 S.W.3d at 106–07. 
When the withheld information is material, it is constitutional error to
deny a motion for mistrial because it denies parties the opportunity to
exercise their challenges, hampering the selection of a disinterested and
impartial jury.  Franklin v. State, 138 S.W.3d 351, 353–54, 356–57 (Tex. Crim. App. 2004)
(“Franklin II”); Salazar v. State, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978); Lopez, 261 S.W.3d at 107.  When the withheld information is not material
and the record does not show the appellant has been deprived of an impartial
jury or denied a fair trial, the trial court’s denial of a motion for mistrial
is not error.  Decker v. State, 717 S.W.2d 903, 907–08 (Tex. Crim. App. 1986) (op.
on reh’g); Lopez, 261 S.W.3d at 107.

“To
determine materiality, we evaluate whether the withheld information would
likely reveal the juror harbored a bias or prejudice to such a degree that the
juror should have been excused from jury service.”  Lopez,
261 S.W.3d at 107; Sypert v. State,
196 S.W.3d 896, 900 (Tex. App.––Texarkana 2006, pet. ref’d).  “[M]ere familiarity with a witness is not
necessarily material information.”  Franklin I, 12 S.W.3d at 478.   A potential juror’s acquaintance with a
witness is material only if the nature of the relationship reveals a potential
for bias or prejudice on the part of the juror. 
See id.; Decker, 717 S.W.2d at 907. 
Moreover, the fact that the juror did not intentionally withhold
information “is largely irrelevant when considering the materiality of the
information withheld.”  Franklin I, 12 S.W.3d at 478.  “That a juror will state that the fact that
he withheld information will not affect his verdict is not dispositive of the
issue where the information is material and therefore likely to affect the
juror’s verdict.”  Id.

Here, Ogle
testified only that she recognized appellant’s face, but she did not know from where.  She did not make any connection between
appellant and the club.  Likewise,
appellant did not know Ogle or recognize her; he did not make any connection
between her and the club until a friend pointed it out.  Moreover, Ogle knew nothing about appellant’s
reputation and had no personal involvement with his being thrown out of the
club.  In fact, there is no evidence that
her connection to the club was of a nature that she would necessarily have
known about appellant’s being thrown out.[3]  Thus, nothing in the motion for new trial
evidence showed that the nature of the potential acquaintance between appellant
and Ogle revealed a potential bias or prejudice on the juror’s part.  See
Decker, 717 S.W.2d at 906–08; Lopez,
261 S.W.3d at 108.

We
overrule appellant’s sole issue.

Conclusion

Having overrruled
appellant’s sole issue on appeal, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 21, 2010











[1]See Tex. R. App. P. 47.4.





[2]Appellant
said he was thrown out of the club two or three times for “confrontations” as
opposed to actual fighting, but he agreed that the ejections “made a scene”
each time.





[3]Ogle
testified only that she was “connected to” the club, which was named R.C.’s,
and that she was the “R” in the name.  At
the time of the motion for new trial, the club was no longer operating.