PD-0525-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/7/2015 11:58:43 PM
Accepted 7/9/2015 3:48:46 PM
ABEL ACOSTA
CLERK

NO. PD-0525-15
IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

---

NO. 04-14-00344-CR
IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO

---

TRIAL COURT NO. 2013-CR-2869
IN THE 186th DISTRICT COURT
OF BEXAR COUNTY, TEXAS

---

CHRISTOPHER ALAN LEMASTER,
*Appellant*

VS.

THE STATE OF TEXAS,
*Appellee*

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

Daniel De La Garza
LAW OFFICE OF DANIEL DE LA GARZA
State Bar No. 24077965
1800 McCullough
San Antonio, Texas 78212
(210) 263-1146 – telephone
(210) 855-6274 – facsimile
Daniel.DelaGarza@me.com

Attorney for Appellant,
Christopher Alan LeMaster

FILED IN
COURT OF CRIMINAL APPEALS

July 9, 2015

ABEL ACOSTA, CLERK

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4(d), Appellant requests oral argument, as it would be of assistance to the Court.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ............................................... 1

TABLE OF CONTENTS ................................................................ 2

INDEX OF AUTHORITIES ............................................................. 3

IDENTITY OF PARTIES AND COUNSEL ............................................. 4

STATEMENT OF THE CASE ......................................................... 6

STATEMENT OF PROCEDURAL HISTORY ........................................ 7

GROUND FOR REVIEW NUMBER ONE............................................. 8

**Did the Fourth Court of Appeals err in holding the trial court did not abuse its discretion when it determined the information withheld by Juror Fuentes was not material?**

ARGUMENT.............................................................................. 9

PRAYER FOR RELIEF ................................................................ 10

CERTIFICATE OF COMPLIANCE................................................... 12

CERTIFICATE OF SERVICE ........................................................ 13

APPENDIX............................................................................. A-1

# INDEX OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*LeMaster v. State*, 04-14-00344-CR, 2015 WL 1640275, at \*3 (Tex. App.—San Antonio Apr. 8, 2015, no. pet. h.) (mem. op.)..................................................7, 9, 10

**STATUTES AND RULES**

Tex. R. App. P. 9......................................................................................................12

Tex. R. App. P. 66.3..............................................................................................9, 10

Tex. R. App. P. 68.4..................................................................................................4

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 68.4(a), a complete list of the names and all interested parties is provided below.

| | |
|---|---|
| Appellant: | Christopher Alan LeMaster<br>4107 Statnmore<br>San Antonio, Texas 78229 |
| Presiding Judge: | Hon. Maria Teresa Herr<br>186th District Court<br>300 Dolorosa<br>San Antonio, Texas 78205 |
| Trial Prosecutors: | Catherine Allen Hayes<br>Jennifer McDaniel<br>Assistant District Attorneys<br>101 W. Nueva<br>San Antonio, Texas 78205 |
| Defense Counsel at Trial: | Patrick Barry Montgomery<br>Attorney at Law<br>111 Soledad Street, Suite 300<br>San Antonio, Texas 78205 |
| State's Counsel on Appeal: | Jay Brandon<br>Assistant District Attorney<br>101 W. Nueva<br>San Antonio, Texas 78205 |
| Defense Counsel on Appeal: | Mario A. Trevino<br>Attorney at Law<br>315 South Main<br>San Antonio, Texas 78205<br>(On direct appeal to the 4th Court of Appeals) |

Daniel De La Garza
Law Office of Daniel De La Garza
1800 McCullough
San Antonio, Texas 78212
(On petition for discretionary review to the
Court of Criminal Appeals)

TO THE COURT OF CRIMINAL APPEALS:

## **STATEMENT OF THE CASE**

Appellant was charged with the sexual assault of Trina Blount (Blount). The incident is alleged to have occurred the night before Appellant's wedding day while Appellant attended a party at, his brother, David LeMaster's apartment along with Blount, Crystal LeMaster (David's wife), and several others. (2A R.R. 33-34).

Crystal LeMaster testified against Appellant at trial. (2A R.R. 75). During her testimony, juror Jenny Fuentes (Juror Fuentes) revealed to the trial court she has been to Crystal LeMaster's house where the two attended bible study. (2A R.R. 107). Appellant objected on due process grounds and moved for a mistrial after each side was allowed the opportunity to inquire further into the relationship. (2A R.R. 110-111).

## STATEMENT OF PROCEDURAL HISTORY

On April 3, 2013, Appellant was indicted for the offense of sexual assault in Cause No. 2013-CR-2869. (C.R. 4). Appellant was brought to trial on April 28, 2014. (2 R.R. 1). Appellant entered a plea of not guilty to the charge. (2A R.R. 18). The jury returned a verdict of guilty on May 1, 2014 and sentenced Appellant to five (5) years' confinement in the Texas Department of Criminal Justice – Institutions Division. (4 R.R. 1; 109; 177). Appellant gave timely notice of appeal. (C.R 33).

On April 8, 2015, the First Court of Appeals affirmed the trial court's judgment. *LeMaster v. State*, 04-14-00344-CR, 2015 WL 1640275, at *3 (Tex. App.—San Antonio Apr. 8, 2015, no. pet. h.) (mem. op.). No motion for rehearing was filed. Appellant now petitions this Honorable Court for discretionary review. Appellant presents one (1) ground for review before this Honorable Court.

# **GROUNDS FOR REVIEW**

1. Did the Fourth Court of Appeals err in holding the trial court did not abuse its discretion when it determined the information withheld by Juror Fuentes was not material?

## ARGUMENT AND AUTHORITIES

> The Fourth Court of Appeals err in holding the trial court did not abuse its discretion when it determined the information withheld by Juror Fuentes was not material.

## GROUND FOR REVIEW ONE

The Fourth Court of Appeals erroneously held the trial court did not abuse its discretion when it determined Appellant was not deprived of an impartial jury or a fair trial because the information withheld by Juror Fuentes was not material such that review is warranted pursuant to Tex. R. App. P. 66.3.

Appellant complained in Point of Error Number One the trial court erred in denying Appellant's motion for mistrial. *LeMaster v. State*, 04-14-00344-CR, 2015 WL 1640275, at *3 (Tex. App.—San Antonio Apr. 8, 2015, no. pet. h.) (mem. op.). The Fourth Court of Appeals explained, "[the] trial court could have found the relationship between the juror and Crystal [LeMaster] to be merely a remote, casual acquaintanceship given the juror did not even recognize Crystal by name." *Id*. However, the record reflects Juror Fuentes did know Crystal LeMaster (the witness) and even referred to her by name. (2A R.R. 109). Juror Fuentes also stated she and the witness attended church together, and she was also concerned enough to inquire about the witness when she stopped attending bible study. (2A R.R. 109).

Seemingly disturbed by this relationship and how it might affect the

9

impartiality of Juror Fuentes or the other jurors, the trial court admonished her not to speak with any other juror about the relationship with the witness. (2A R.R. 109). However, eight out of twelve jurors stated they knew about the relationship when polled by the trial court, after pointing out she had already told one other juror and being admonished. (2A R.R. 116).

Contrary to the holding of the Court of Appeals, Juror Fuentes knew the witness, conducted bible study with her, attended church with her, was concerned after the witness had not been to bible study for a while, and even referred to the witness as a friend. This relationship is clearly material. In addition, Juror Fuentes committed juror misconduct by revealing her relationship with the witness to all but a pair of jurors after being warned by the trial court not to.

The relationship between Juror Fuentes and the witness was much more than "a remote, casual acquaintanceship". *LeMaster*, 2015 WL 1640275, at *3. Accordingly, it was error to hold the information withheld by Juror Fuentes was not material such that review is warranted pursuant to Tex. R. App. P. 66.3.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court grant this Petition for Discretionary Review. Following the grant of review, Appellant prays the judgment of the Court of Appeals be reversed and a new trial ordered, or the case remanded for further review.

Respectfully submitted,


/s/ *Daniel De La Garza*
Daniel De La Garza
State Bar No. 24077965
LAW OFFICE OF DANIEL DE LA GARZA
1800 McCullough
San Antonio, Texas 78212
(210) 263-1146 – telephone
(210) 855-6274 – facsimile
 Daniel.DelaGarza@me.com

Attorney for Appellant,
Christopher Alan LeMaster

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules Appellate Procedure, the undersigned counsel of record certifies that the Petition for Discretionary Review contains 1330 words.

/s/ Daniel De La Garza
Daniel De La Garza

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Appellant's petition for discretionary review has been either personally served upon or mailed by U.S. Postal Service certified mail, return receipt requested, July 8, 2015, to the following persons:

Nicholas LaHood
District Attorney
101 W. Nueva, 4th Floor
San Antonio, Texas 78205

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

*/s/ Daniel De La Garza*
Daniel De La Garza

# **A P P E N D I X**



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00344-CR

Christopher Alan **LEMASTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2869
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  April 8, 2015

AFFIRMED

A jury convicted appellant Christopher Alan LeMaster of sexual assault, and the trial court assessed punishment at five years' confinement. On appeal, LeMaster raises a single issue, contending the trial court erred in denying his motion for mistrial. We affirm the trial court's judgment.

## BACKGROUND

A detailed rendition of the facts is unnecessary given our disposition of the sole appellate issue. Accordingly, we provide a brief statement of facts for context.

On the night of the offense, LeMaster and one of his friends went to an apartment belonging to LeMaster's brother, David. When they arrived at the apartment, David, David's wife Crystal, and T.B., a friend of Crystal's, were at the apartment. The group started drinking and talking. Crystal and T.B. became heavily intoxicated. According to Crystal, T.B. "passed out," and David carried T.B. to the bedroom where T.B.'s children slept. Later that evening, David noticed LeMaster was not with the remaining group. He decided to check the bedroom where T.B. and her children slept and discovered LeMaster sexually assaulting an unconscious T.B. David and Crystal called police and then took T.B. to a local hospital for a sexual assault examination. Shortly thereafter, the police arrested LeMaster and charged him with sexual assault.

During voir dire, the State asked the venire whether anyone recognized the first and last names of LeMaster, David, Crystal, or the victim. None of the panel members claimed to recognize the names. However, after seeing Crystal and hearing part of her testimony, a juror notified the trial court that she recognized Crystal. The trial court conducted a hearing during which both parties questioned the juror about her interaction with Crystal and whether that contact would interfere with her ability to be fair and impartial. The juror testified she knew Crystal, but not personally, although she had been to Crystal's apartment as part of a Bible study group. According to the juror, the group would study at Crystal's apartment or the church, and each Bible study session lasted approximately an hour to an hour and a half. The record does not indicate how many Bible study sessions occurred. The juror also testified that when Crystal stopped attending Bible study, she asked a fellow group member what happened to her, and she was told Crystal had moved. After both parties questioned the juror, the trial court instructed the juror not to mention her recognition of Crystal to any other jurors. The juror then informed the trial court she had already told one other juror she recognized Crystal.

LeMaster moved for a mistrial, arguing the juror's relationship with Crystal would prevent the juror from being fair and impartial, thereby violating his due process rights. Before ruling on the motion, the trial court questioned the second juror — the one who had been told by the first juror that she recognized Crystal. At that point, the trial court learned other jurors may have discovered the first juror had been to Crystal's apartment. LeMaster again moved for a mistrial, arguing this fact polluted the entire jury. The trial court called all the jurors into the courtroom and asked whether any of them were aware one of the jurors knew Crystal. Eight jurors raised their hands. The trial court then asked the eight jurors whether such information would impact their ability to be fair and impartial. No one raised their hand. The trial court instructed the jury not to discuss anything regarding the case until deliberation, and during deliberation, to consider only the evidence presented at trial. The trial then continued.

The jury found LeMaster guilty of sexual assault, and the trial court sentenced him to five years' confinement. LeMaster then perfected this appeal.

## ANALYSIS

In his sole issue on appeal, LeMaster contends the trial court erred in denying his motion for mistrial because one of the jurors withheld material information during voir dire. As a result, he claims he was denied the opportunity to intelligently exercise his challenges for cause or preemptory strikes. According to LeMaster, the information withheld by the juror was material because it revealed the juror and Crystal, a witness for the State, studied the Bible together. Consequently, LeMaster contends the juror would more readily find Crystal's testimony credible. The State counters, arguing the trial court did not err because the juror in question knew Crystal only slightly and did not even recognize her name during voir dire.

### *Standard of Review*

We review a trial court's ruling on a motion for mistrial using an abuse of discretion standard of review. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000); *Lopez v. State*, 261 S.W.3d 103, 106 (Tex. App.—San Antonio 2008, pet. ref'd). Under this standard, we view the evidence in the light most favorable to the trial court's ruling, and we will uphold the trial court's ruling so long as it was within the zone of reasonable disagreement. *Webb*, 232 S.W.3d at 112; *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Webb*, 232 S.W.3d at 112. A trial court's denial of a motion for mistrial is considered an abuse of discretion only when no reasonable view of the record could support the trial court's ruling. *Id.*; *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

### *Application*

The United States and Texas Constitutions guarantee a person the right to trial by an impartial jury. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004) (*Franklin II*). To help insure this right, parties are given the opportunity to conduct voir dire. *Franklin II*, 138 S.W.3d at 354. "The voir dire process is designed to insure that an 'intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it.'" *Brown v. State*, 183 S.W.3d 728, 737 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (quoting *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995)). During voir dire, the parties bear the burden to be diligent and ask all pertinent questions to reveal any potential bias in a juror. *Gonzales v. State*, 3 S.W.3d 915, 917–18 (Tex. Crim. App. 1999); *Lopez*, 261 S.W.3d at 106. A juror is considered to have withheld information during voir dire if

he or she later discloses his or her knowledge of or relationship with a witness. *Franklin II*, 138 S.W.3d at 351; *Lopez*, 261 S.W.3d at 107.

When the withheld information is material, parties are denied the opportunity to exercise their challenges, hindering their selection of a disinterested and impartial jury. *Franklin II*, 138 S.W.3d at 354. "Therefore, if a situation arises where *material* information was withheld by a juror during voir dire, and if the appellant's subsequent motion for mistrial is denied, on appeal the denial of that motion will be reviewed for constitutional error." *Sypert v. State*, 196 S.W.3d 896, 900 (Tex. App.—Texarkana 2006, pet. ref'd); *see also* TEX. R. APP. P. 44.2(a); *Franklin v. State*, 23 S.W.3d 81, 83 (Tex. App.—Texarkana 2000, pet. granted), *aff'd*, 138 S.W.3d 351 (Tex. Crim. App. 2004) (holding that it is constitutional error to deny motion for mistrial when information withheld is material). In other words, we must reverse a trial court's ruling on a motion for mistrial unless we are convinced the juror's withholding of information did not contribute to the defendant's conviction beyond a reasonable doubt. *Sypert*, 196 S.W.3d at 900. However, when the withheld information is not material and the record shows the appellant has not been deprived of an impartial jury or denied a fair trial, then a trial court's ruling on a motion for mistrial is not error. *Decker v. State,* 717 S.W.2d 903, 907–08 (Tex. Crim. App. 1986).

To be considered material, the withheld information must reveal the juror carried bias or prejudice to such a degree that the juror should have been excused from the panel. *Sypert*, 196 S.W.3d at 900; *Lopez*, 261 S.W.3d at 107. When making this determination, we must consider the facts of the case, the context of the withheld information and how it relates to the juror's personal life, as well as the emotional, psychological, and physical particularities of the parties. *Id*. at 900–01. Whether the juror did or did not intentionally withhold such information is "largely irrelevant" in determining whether the information withheld was material. *Franklin v. State*, 12 S.W.3d 473, 478 (Tex. Crim. App. 2000) (*Franklin I).* Furthermore, "mere familiarity with a witness is not

necessarily material information." *Franklin I*, 12 S.W.3d at 478. A juror's familiarity with a witness becomes material only if the nature of his or her relationship with the witness uncovers a potential for bias or prejudice by the juror. *Lopez*, 261 S.W.3d at 107.

To determine whether the trial court erred in this case, we must first address whether the subject juror withheld "material" information. Here, during voir dire, no one on the venire indicated they knew any of the witnesses when the State asked the panel members if they were familiar with anyone with the first and last names of LeMaster, certain witnesses, or the victim. However, when the State called Crystal as a witness, a juror alerted the trial court of her familiarity with Crystal when the trial court called a recess. The trial court learned the juror knew Crystal, but not very well. After discovering the connection, the trial court permitted the attorneys to question the juror regarding the relationship to determine the existence of any bias or prejudice.

After reviewing the juror's testimony, we hold the trial court could have found the relationship between the juror and Crystal to be merely a remote, casual acquaintanceship given the juror did not even recognize Crystal by name. *See Decker*, 717 S.W.2d at 906–07 (explaining that mere co-worker relationship, where juror met victim seven or eight times and did not recognize victim by name, was not considered relationship with potential for bias); *Santacruz v. State*, 963 S.W.2d 194, 197 (Tex. App.—Amarillo 1998, pet. ref'd) (holding that juror possessed no bias even though juror had played softball with appellant many years earlier, however, did not recognize him right away).

The evidence shows the juror and Crystal were not friends and did not socialize beyond Bible study. The juror did not even know why Crystal left Bible study or that she had moved. At best, the juror's testimony established the juror knew Crystal at some point in the past; however, this testimony falls short of establishing the juror withheld material information during voir dire because the relationship, such as it is, does not suggest a potential for bias or prejudice. *See Brown*,

183 S.W.3d at 739 (holding that withheld information was not material when juror informed trial court he knew witness through work); *Santacruz*, 963 S.W.2d at 197 (recognizing that having once played a sport together is hardly suggestive of bias). Although LeMaster suggests the juror's shared faith reveals a potential bias, LeMaster fails to direct us to any evidence in the record supporting this assertion. *See generally Santacruz*, 963 S.W.2d at 197 ("Allegations in a brief are not evidence.")

The record shows the juror did not recognize Crystal by name and there was no evidence of a friendship or any other relationship between the two beyond sporadic Bible study classes. Accordingly, we hold the trial court could have determined, in its discretion, the information withheld was not material, and therefore LeMaster was not deprived of his right to an impartial jury or a fair trial. *See Decker*, 717 S.W.2d at 907–08. We therefore overrule LeMaster's complaint.

## CONCLUSION

Based on the foregoing, we hold the trial court did not err in denying LeMaster's motion for mistrial. We affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish