**B.J. FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00019–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 15, 1998.

Decided Feb. 3, 1999.

Craig L. Henry, Texarkana, for appellant.

Bobby Lockhart, Bowie County Dist. Atty., James H. Elliott, Bowie County Asst. Dist. Atty., Nicole Habersang, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

B.J. Franklin appeals from his conviction for aggravated sexual assault on a child. He was tried by a jury, which assessed his punishment at life in prison.

Franklin presents eleven issues for appellate review. He contends that the court erred by refusing to grant a mistrial when it became apparent that a juror had withheld material information during voir dire, that the court erred by failing to require the State to give him its juror strike list for use during a *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) hearing, and by failing to include that list in the appellate record. He further argues in five issues that the court erred on various bases by admitting evidence that he is H.I.V. positive, that the State commented during final argument on his failure to testify, and that the court erred in two respects by admitting evidence of extraneous offenses at punishment.

Franklin originally pleaded guilty to the offense pursuant to a plea bargain under which he was sentenced to forty years' imprisonment. He filed a motion for new trial, which the trial court granted. He was then found guilty by a jury, and the court sentenced him to life in prison.

The victim testified that when she was nine years old, Franklin (her stepfather) had sexual intercourse with her. She also testified that he threatened to kill her if she told her mother. There was testimony by a Child Protective Services (CPS) worker that Franklin was H.I.V. positive and that his stepdaughter also has the disease, as does his wife. Franklin signed a written statement to the police admitting the crime, which was admitted into evidence. Franklin does not contest the sufficiency of the evidence to support his conviction.

Franklin first contends that the trial court erred by refusing to grant his motion for mistrial based upon a juror's failure to accurately answer questions during voir dire and also because he was unable to intelligently exercise his peremptory strikes as a result of that failure. As trial commenced and the victim took the stand, one of the jurors informed the court that she knew the girl who was the victim in this case. The court stopped the proceedings and excused the remaining members of the jury. When a general question about whether the jurors knew any of the participants in the trial had been asked during voir dire, the juror had remained silent. After seeing the victim, the juror informed the court that the girl was in her daughter's Girl Scout troop, but that she had not known who the girl was until she saw her walk into the courtroom.

The court questioned her about her ability to consider the case solely upon the evidence to be introduced, and she stated that she could base her judgment only upon what she heard from the witness stand. The juror was then sent out of the courtroom. Defense counsel then stated that had he known of the relationship, he would have exercised a peremptory strike against the juror and asked for the opportunity to further question the juror about the nature of the relationship. The trial judge denied both requests, stating that he believed counsel could have explored this question in voir dire and that he believed the juror when she said that she could be fair and impartial. Counsel asked for a mistrial, which was also denied.

There are a number of cases reviewing situations where a potential juror misleads counsel during voir dire, either intentionally or accidentally. *Salazar v. State*, 562 S.W.2d 480 (Tex.Crim.App. [Panel Op.] 1978), and its

predecessors stand for the proposition that when a potential juror's answers to questions asked during voir dire are untruthful, thus misleading counsel, reversal is both appropriate and necessary.[1] Similarly, in *Von January v. State*, 576 S.W.2d 43 (Tex.Crim.App. [Panel Op.] 1978), the court held that when a partial, biased, or prejudiced juror is selected without fault or lack of diligence on the part of defense counsel, who has acted in good faith upon answers given to him on voir dire, not knowing them to be incorrect, good ground exists for a new trial. *Von January*, 576 S.W.2d at 45 (citing *Norwood v. State*, 123 Tex.Crim. 134, 58 S.W.2d 100 (1933) and cases cited therein). *Von January* also stands for the proposition that a mere statement by the juror that he would not be biased is insufficient to justify retaining that juror on the panel.

Application of this concept also requires that the information withheld be material in nature. When a juror withholds material information in the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex.Crim.App.1995); *Salazar*, 562 S.W.2d at 482. In *Von January*, such materiality was apparent and, despite the juror's statement that he could be unbiased, bias was presumed by the reviewing court because of the lengthy association and relationship between the victim and the juror at issue.

In a fact situation facially similar to this case, *Whiting v. State*, 943 S.W.2d 102, 104–05 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd), the juror recognized the complainant as a neighbor but did not know his name. In response to a series of questions by the trial judge, he stated that he had spoken with the victim but had no closer relationship. The court concluded that the information was not material because the relationship was nothing more than an acquaintanceship. The court went on to find that because of the nature of their relationship and because the juror testified that the acquaintanceship would not affect his deliberation, the trial court did not abuse its discretion in finding that the relationship did not create the potential for prejudice or bias against the accused.

In the present case, the trial court did not ask any questions to reveal the nature of the relationship, nor did the court permit defense counsel to do so. The juror's statement that she was an assistant troop leader for the Girl Scout troop in which the alleged victim was a member did not sufficiently reveal the relationship of the juror to the victim. The court did not determine matters such as how long the juror had worked with the scout troop, how long the victim had been a member of the troop, whether the juror directly supervised activities of the victim, whether the victim was close friends with the juror's daughter, who was a member of that troop, whether the victim had visited in the juror's home, and other questions which might have revealed whether this was a close relationship. The trial court erred by not developing or allowing counsel to determine the specific nature of the relationship.

■ We must next examine whether this issue was adequately preserved for our review in the absence of a formal offer of proof in a bill of exception. No formal bill was made. In *Moosavi v. State*, 711 S.W.2d 53, 55 (Tex.Crim.App.1986), the court dispensed with the formal requirements in making an offer of proof. The Court of Criminal Appeals merely requires the defendant to preserve some statement in the record that shows what the intended testimony would have been and the purpose of the testimony. *Id.* at 55–56; *Johnson v. State*, 773 S.W.2d 721, 728 (Tex.App.–Houston [1st Dist.] 1989, pet. ref'd). We know the tenor and purpose of the questions that defense counsel sought to ask. He did not specifically ask the court to permit him to make a separate record as a bill of exception for appeal purposes—which it would have been absolutely required to do. *Kipp v. State*, 876 S.W.2d 330, 334 (Tex.Crim. App.1994); *Callahan v. State*, 937 S.W.2d

---

1. *Salazar* stated that if the information withheld was not material and the juror stated that it would not affect his deliberation or verdict, an appellant might be unable to show harm. 562 S.W.2d at 482, n. 5.

553, 557 (Tex.App.—Texarkana 1996, no pet.). Therefore, error was not preserved.

 We are also confronted with the issue involving counsel's right to make peremptory strikes. The right of a defendant to intelligently exercise his peremptory strikes is implicit in the constitutional right of representation under both the state and federal constitutions. *Caldwell v. State,* 818 S.W.2d 790, 801 n. 3. (Tex.Crim.App.1991); *see Shipley v. State,* 790 S.W.2d 604, 607–08 (Tex. Crim.App.1990).[2] The law in this area has long recognized that the right to be represented by counsel, guaranteed by Article I, § 10 of the Texas Constitution, includes the right of counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Shipley,* 790 S.W.2d at 608; *Mathis v. State,* 167 Tex. Crim. 627, 322 S.W.2d 629 (1959).

The critical question at this juncture is whether the information not revealed during voir dire was material. *Salazar* stated that if the information withheld was not material and the juror could state that it would not affect his deliberation or verdict, then, although error existed, an appellant might be unable to show harm. *Salazar,* 562 S.W.2d at 482 n. 5. If it is discovered during trial that a juror has withheld material information during the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. In such a case, it makes no difference if the juror states that he or she would decide the case based upon the evidence adduced at trial, because the issue is that the defendant had been effectively denied the opportunity to strike the juror during voir dire. *Salazar,* 562 S.W.2d at 482; *Gillum v. State,* 888 S.W.2d 281, 287 (Tex.App.—El Paso 1994, pet. ref'd).[3]

 A defendant is entitled to a reversal because a juror has withheld information if two criteria are met: (1) the omission is *material;* and (2) the defendant has exercised due diligence in eliciting that information. *Armstrong,* 897 S.W.2d at 368. Under these circumstances, a reversal is merited because withholding material information denies the defendant the opportunity to knowingly and intelligently exercise his peremptory challenges, hence jeopardizing his right to a fair trial before an impartial jury. *Salazar,* 562 S.W.2d at 482. Material information includes information regarding a juror's relationship with any party in a criminal proceeding. *Von January,* 576 S.W.2d at 45.

The cases cited above all validate the concept that the right to peremptorily strike jurors is a valuable right. The fact that a juror may be unbiased does not require counsel to accept that juror. Indeed, the very purpose of a peremptory strike is to remove jurors who are, for some reason, unacceptable to counsel. To restrict its use to only those who profess to be biased, as would be the situation if we approved the trial court's action in this case, would eliminate the purpose and usefulness of the peremptory strike altogether.

The State argues this case is more like *Decker v. State,* 717 S.W.2d 903 (Tex.Crim. App.1983), than *Von January* or *Salazar.* The juror in *Decker* did not acknowledge he knew the victim during the voir dire examination, but later advised the court he recognized him because they worked on the same job together. The court distinguished *Salazar* and *Von January* by characterizing the relationship in *Decker* as only an acquaintanceship through employment. *Id.* at 907. Thus, the relationship had no potential for prejudice or bias. *Id.; Milo v. State,* 922 S.W.2d 678, 680 (Tex.App.—Beaumont 1996, pet. ref'd).

Because of the state of the record in the present case, and the failure of counsel to make a bill that would have explored the relationship between the juror and victim,

---

2. *But see Stilson v. United States,* 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919)(holding that peremptory challenges are not of constitutional dimension, that trial by an impartial jury is all that is secured by the Constitution, and that the implementation of the right is statutory in nature).

3. Keith A. Ward, Comment, *"The Only Thing in the Middle of the Road is a Dead Skunk and a Yellow Stripe": Peremptory Challenges—Take 'em or Leave 'em,* 26 Tex. Tech L. Rev. 1361 (1995).

thus providing information from which we could assess whether the information was truly material, we cannot determine whether the omitted information was material. We will not, under these facts, presume that because the juror was a troop leader for the victim's Girl Scout troop, their relationship was such as to make the omitted information material.

In order to successfully complain on appeal about a matter that would not otherwise appear in the record, the party must provide the requisite information in the nature of a bill. TEX.R.APP. P. 33.2. Because of the absence of a bill of exception containing the necessary information, we cannot make a reasoned review to determine whether the error was harmless under TEX.R.APP. P. 44.2.[4] Counsel did not preserve this complaint by requesting to make a bill of exception. Thus, we overrule these issues.

■ Franklin also contends that the trial court committed error during a *Batson* hearing by refusing to require the prosecutor to turn over his jury strike list. Franklin sought the list so that he could use it during cross-examination. This question has been addressed by the Court of Criminal Appeals. The Court has held that the production of a prosecutor's juror information notes is both "necessary and proper" when the prosecutor refreshes his or her memory regarding the exercise of peremptory challenges by reviewing those notes before the *Batson* hearing. *Salazar v. State*, 795 S.W.2d 187, 193 (Tex. Crim.App.1990).[5] Without mentioning *Salazar,* the Court of Criminal Appeals reiterated this rule in *Pondexter v. State*, 942 S.W.2d 577, 582–84 (Tex.Crim.App.1996), holding that an appellant is only entitled to the notes if they were actually used by the prosecutor to refresh his memory.[6]

The State attempts to distinguish *Salazar* from this case because of the length of time that had expired in that case between jury selection and the hearing. There is no apparent reason, however, to create a new category of evidentiary exclusions solely for the benefit of witnesses during *Batson* hearings. As in any other proceeding, a witness who refreshes his memory by reviewing a writing should be required to turn over the writing to the opposition upon proper request.

*Pondexter* is inapplicable because in that case the Court found that there was no evidence that the prosecutor had used the notes to refresh his memory, as in the present case.

The State contends that the documents are work product and thus are privileged. The notes made by counsel during trial are privileged work product. TEX.CODE CRIM. PROC. ANN. art. 39.14 (Vernon Supp.1999); *Goode v. Shoukfeh*, 943 S.W.2d 441, 449 (Tex.1997)(citing *Salazar* and *Pondexter*)). Even privileged documents must be produced for inspection when used on the stand by a witness to refresh his memory. *Goode, Salazar, Pondexter, supra.* It is clear from the record in the present case, and the prosecutor and court acknowledged on the record, that the prosecutor reviewed his notes on the stand, and defense counsel sought to review the notes under the authority of the Texas Rule of Evidence 612 because the prosecutor had used them to refresh his memory.

Thus, the trial court erred by refusing to order the prosecutor to turn over his jury list to the defense. The error is not reversible unless the appellant can show harm. *Pinson v. State*, 598 S.W.2d 299, 301 (Tex.Crim.App. [Panel Op.] 1980). In order to determine the harmfulness of the error, we must examine the prosecutor's notes. *Newsome v. State*, 829 S.W.2d 260, 264 (Tex.App.SDallas 1992,

---

**4.** TEX.R.APP. P. 44.2(a) provides that if the record reveals constitutional error, we must reverse a judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

**5.** *cf. United States v. Garrison*, 849 F.2d 103, 107 (4th Cir.1988) (holding that, should a trial court decide to examine a prosecutor's notes, it should ordinarily conduct adversarial, rather than ex

parte, proceedings); *Guilder v. State*, 794 S.W.2d 765, 767–68 (Tex.App.Dallas 1990, no pet.) (holding that neither *Batson* nor Rule 614 of the Texas Rules of Criminal Evidence compels disclosure of a prosecutor's notes).

**6.** This reasoning was adopted in its entirety by the Texas Supreme Court in *Goode v. Shoukfeh*, 943 S.W.2d 441, 449 (Tex.1997).

no pet.); *see Cullen v. State,* 719 S.W.2d 195, 196–97 (Tex.Crim.App.1986).

■ Counsel asked the court to make the jury list with the prosecutor's notes available for him to review during cross-examination. The court denied the request. He also asked the court to make the list a part of the record. The court denied that request as well. The request to make the list a part of the record constitutes an effort to make an offer of proof, which was denied by the trial judge. As previously noted, a trial court is required to make a record including excluded material when asked to do so. *Kipp v. State,* 876 S.W.2d 330, 334 (Tex.Crim.App.1994); *Callahan,* 937 S.W.2d at 557.

■ When material was not included in this record, we were denied our opportunity to properly review the conviction for error, and the trial court prevented this Court from addressing counsel's *Batson* contention on its merits. We issued an order to the trial court to require the State to produce the jury list with the prosecutor's notes, along with an affidavit from the prosecutor stating under oath that this was the same jury list and notes reviewed on the witness stand. The list and notes were timely filed, along with the appropriate affidavit. The defense attorney was given an opportunity to review this list and notes and to submit a supplemental brief if he chose to do so. After reviewing the jury list and notes, the defense attorney elected not to file a supplemental brief. We have reviewed the jury list and notes, and we find no markings or notes that would suggest a violation of the *Batson* rule. Thus, we find that the failure of the trial court to make this jury list available at trial for cross-examination was not harmful error.

Franklin next contends that the trial court erred by admitting at the guilt/innocence stage of the trial testimony from a CPS worker that Franklin, his wife, and the victim are all H.I.V. positive. He argues that the testimony was inadmissible because it was not relevant (Rule 401, 402); that even if it was relevant, its probative value was substantially outweighed by the danger of unfair prejudice (Rule 403); and that it is evidence of other crimes, wrongs, or acts and is inadmissible under Rule 404; and that he was not properly notified of intent to introduce such evidence as required by Rule 404(b).

■ Tex.R. Evid. 401 states that evidence is relevant if it might make the existence of any fact of consequence to the determination of the action more or less probable. Evidence that Franklin is infected with a disease commonly spread by sexual contact and that the victim is infected with the same disease makes it more likely that he had sexual contact with her. Thus, it is relevant.

■ Tex.R. Evid. 403 provides (in relevant part) that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Montgomery v. State,* 810 S.W.2d 372, 392 (Tex.Crim.App.1990). In making this determination, the trial judge should "consider the inherent tendency that some evidence may have to encourage resolution of material issues on an inappropriate basis and should balance carefully against it the host of factors affecting probativeness, including relative weight of the evidence and the degree to which its proponent might be disadvantaged without it." *Fuller v. State,* 829 S.W.2d 191, 206 (Tex.Crim.App.1992).

■ A trial court's decision in balancing these factors is reviewed under the abuse of discretion standard and is disturbed on appeal only when the trial court's decision falls outside the zone of reasonable disagreement. *Montgomery,* 810 S.W.2d at 391–92. In this case, the evidence is prejudicial but does not appear to be necessarily so unfairly prejudicial as to allow this Court to conclude that the trial court abused its discretion by admitting the testimony.

■ Tex.R. Evid. 404 and 404(b) involve proof of extraneous offenses. It is not an offense for an individual to be H.I.V. positive. The rule provides that evidence of other "crimes, wrongs or acts" is not admissible to prove the character of a person. The evidence does not prove the character of the person, but does provide circumstantial proof that he was guilty of the charged offense. No error is shown. Accordingly, he was also not entitled to notice under Rule 404(b).

Franklin also contends that the evidence was hearsay and that his right to confrontation was violated by its admission. The CPS worker testified she was aware that Franklin, his wife, and the victim were H.I.V. positive because the members of the family had so informed her and also because she had been so informed by Children's Hospital in Little Rock. She also testified that she had counseled Franklin and the others on numerous occasions about treatment for the disease and methods of preventing its spread.

TEX.R. EVID. 803(3) provides that a statement by a declarant about his then-existing physical condition or bodily health is not excluded by the hearsay rule. Under these facts, it appears that Franklin and the other members of the family informed the CPS worker, or at the least agreed with her, that they were HIV positive. In such a situation, the statements were not excluded by the hearsay rule, and thus were admissible.

Similarly, it is arguable that TEX.R. EVID. 803(24) may permit the admission of the testimony as a statement against interest made by the declarant. A portion of that rule provides that a statement that would make the declarant an object of hatred, ridicule, or disgrace so that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true is not excluded by the hearsay rule. Such firmly rooted exceptions to the hearsay rule do not violate the Confrontation Clause of the Constitution. *Utsey v. State*, 921 S.W.2d 451, 455 (Tex.App.—Texarkana 1996, pet. ref'd). The trial court did not err in admitting this testimony.

Franklin also contends that during closing arguments the State improperly commented on the defendant's failure to testify. Counsel timely objected. The failure of an accused to testify may not be the subject of comment by the prosecution, for such comment is in violation of the privilege against self-incrimination in the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, § 10 of the Texas Constitution. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Cockerham v. State*, 729 S.W.2d 742, 746 (Tex.Crim. App.1987). Such a comment also violates a mandatory statute. TEX.CODE CRIM. PROC. ANN. art. 38.08 (Vernon Supp.1999); *Montoya v. State*, 744 S.W.2d 15, 34 (Tex.Crim.App. 1987).

In order to constitute a violation of Article 38.08, prohibiting comments on the defendant's failure to testify, the language used must be either manifestly intended or of such character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Cockerham*, 729 S.W.2d at 746.

In the complained-of argument, the prosecutor stated that:

There's no question how it happened. Simply put, Christina told you it happened. And in his statement, B.J. Franklin told you that it happened. The only human being that is going to stand up in front of you in this courtroom and say that it didn't happen is Mr. Craig Henry. That is his assigned duty today.

The obvious purpose of this statement was to point out to the jury that every witness, *including the defendant by his statement,* had testified to matters supporting the conclusion that Franklin committed the crime. Rather than commenting that the defendant could have rebutted the State's case, the prosecutor was pointing out that the defendant had actually provided its backbone. This is not manifestly a comment on the defendant's failure to testify. This point of error is overruled.

Franklin further contends that the trial court erred by admitting evidence of extraneous offenses during the punishment phase of the trial. Franklin's wife testified that he had abused her and given her a black eye. Franklin's objection is based upon Article 37.07, § 3(g), which provides that if a defendant timely asks the State to give him notice of its intent to introduce evidence of extraneous offenses, the State is required to provide that information. TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp. 1999). The Article provides that notice of intent to introduce evidence "shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence." That

rule provides that notice must be given in advance of the intent "to introduce in the State's case-in-chief such evidence...."

In this case, the evidence was not introduced by the State in its case in chief. Franklin's wife was called by the defense, and the State elicited the complained-of testimony on cross-examination. Thus, by its own terms, the statute as it incorporates Rule 404(b) does not apply to this factual situation, and no error is shown.

Franklin also contends that the court erred by failing to instruct the jury on the State's burden of proof to show during punishment that extraneous offenses were committed by the defendant. During the punishment phase of a trial, the trial court is deemed the authority on the threshold issue of admissibility of relevant evidence. Then, the jury, as the exclusive judge of the facts, is to determine whether or not the State has proved the extraneous offenses beyond a reasonable doubt, and the court should so instruct the jury when requested. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex.Crim.App. 1996).

In this case, Franklin did not request such an instruction. This Court has concluded that a reasonable doubt instruction requiring the State to prove the defendant committed extraneous offenses should be given at punishment. However, if the defendant does not request such language in the charge, the error is waived. Accordingly, if no request is made, the claim of error is not preserved for appeal. *McQueen v. State*, 984 S.W.2d 712 (Tex.App.—Texarkana 1998, no pet. h.)(discussing the split of authority on this issue). We find no error in this regard.

The judgment is affirmed.