B.J. FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00019–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 23, 2000.
Decided May 24, 2000.

Craig L. Henry, Texarkana, for appellant.

Nicole Habersang, Asst. Dist. Atty., James Elliott, Asst. County Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

B.J. Franklin appeals from his conviction for aggravated sexual assault of a child. He was tried by a jury, which assessed his punishment at life in prison. We initially affirmed his conviction. *Franklin v. State*, 986 S.W.2d 349 (Tex. App.-Texarkana 1999). The Court of Criminal Appeals reversed and remanded for a harm analysis on one contention of error. *Franklin v. State*, 12 S.W.3d 473 (Tex.Crim.App.2000).

The underlying facts relevant to this opinion show that, during voir dire, a juror had remained silent when a general question was asked of the panel about whether the jurors knew any of the participants in the trial. As trial commenced and the victim took the stand, this juror informed the court that she knew the girl who was the victim in the case. The court stopped the proceedings and excused the remaining members of the jury. After seeing the victim, the juror informed the court that the girl was in her daughter's Girl Scout troop and that she was an assistant leader of the troop, but that she had not recognized the girl's name and had not known who she was until she saw her walk into the courtroom.

The court asked the juror about her ability to consider the case based solely on the evidence, and she stated that she could do so. The court sent her from the courtroom. Defense counsel then stated that, if he had known of the relationship, he would have exercised a peremptory strike against the juror and asked for the opportunity to further question the juror about the nature of the relationship. The court refused to permit further questioning. In our initial opinion, we concluded that this was error, and the Court of Criminal Appeals has agreed with that conclusion.

We then looked to see whether error had been adequately preserved for our review in the absence of an offer of proof through a bill of exception. We recognized that the nature and tenor of his proposed questions were apparent and had been set out clearly by defense counsel. We nevertheless concluded that, because counsel had not also asked permission to make a bill, error had not been preserved for review. The Court of Criminal Appeals held this ruling to be erroneous, holding that, because the trial court refused the defendant's request to ask the questions, the ruling amounted to a direct order not to make a bill of exception. Thus, the Court of Criminal Appeals concluded that Franklin properly preserved the error for review.

The Court then went to the next level of review to determine whether the information withheld was material. Because Franklin was unable to determine the extent of the relationship between the victim and the juror *"due to no fault of his own,"* Franklin was deprived of his right to either challenge the juror for cause or peremptorily strike her. *Franklin*, 12 S.W.3d at 478. Under those circumstances, the Court of Criminal Appeals stated, "[W]e cannot conclude that Juror Spradlin's relationship with the victim was immaterial...." *Id.* at 478. The Court concluded that the information withheld was material and that error was preserved, and remanded the case to this Court for a harm analysis.

The Court of Criminal Appeals did not specify the portion of TEX.R.APP. P. 44.2 which would apply to our analysis; thus, we must first determine which review applies.

The State argues that the error before this Court is solely the trial court's refusal to permit counsel to question the juror. This view is not supported either by our initial opinion or by the opinion of the

Court of Criminal Appeals. In the Court of Criminal Appeal's opinion, it first determined that error had been preserved for review-that error being the refusal to permit questioning of the juror. The Court of Criminal Appeals then discussed the question of whether the information withheld by the juror *during voir dire* was material. If that information was material, then counsel was unable, through no fault of his own, to intelligently exercise his peremptory strikes or to request a strike for cause on this juror.

■ The Sixth Amendment guarantees the "assistance of counsel" and a trial before "an impartial jury." U.S. CONST. amend. VI. Part of this constitutional guarantee is an adequate voir dire to identify unqualified jurors. *Morgan v. Illinois,* 504 U.S. 719, 729, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). Essential to this guarantee is the right to question venire members in order to intelligently exercise peremptory challenges and challenges for cause. *Raby v. State,* 970 S.W.2d 1, 10 (Tex.Crim.App.1998); *Linnell v. State,* 935 S.W.2d 426, 428 (Tex.Crim.App.1996). In other words, a defendant's constitutional right to counsel requires that counsel be permitted to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Smith v. State,* 703 S.W.2d 641, 643 (Tex.Crim.App.1985); *Gonzales v. State,* 2 S.W.3d 600, 603 (Tex. App.-Texarkana 1999, no pet. h.).

■ As an error of constitutional dimension, we must reverse the judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or to the punishment. TEX.R.APP. P. 44.2(a).

■ If concrete data necessary to conduct a harm analysis is absent, we must nevertheless conduct the test, and the absence of information is simply taken into account in determining whether or not the harmless error test is passed or failed. *Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim.App.1997). Where the error in-volved defies analysis by harmless error standards or the data is insufficient to conduct a meaningful harmless error analysis, then the error will not be proven harmless beyond a reasonable doubt under Rule 44.2(a). *Cain,* 947 S.W.2d at 264.

■ We are confronted with the problem mentioned by *Cain* in making this determination, because the trial court refused to admit the information that would have permitted us to apply a harm analysis to the juror's failure to answer counsel's voir dire questions accurately. We have been warned, however, that a juror's bald statement in regard to a willingness to be fair is not dispositive of the issue where the information is material. *Salazar v. State,* 562 S.W.2d 480, 482 (Tex.Crim.App. [Panel Op.] 1978). There is no other proof on this issue because of the trial court's error. In the absence of evidence that would allow this Court to determine beyond a reasonable doubt that the error did not contribute to the conviction, we reverse the conviction.

The judgment is reversed and the cause is remanded to the trial court for a new trial.