ACCEPTED
04-15-00172-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/22/2015 8:40:01 AM
KEITH HOTTLE
CLERK

04-15-00172CR

IN THE COURT OF APPEALS

FOR THE

FOURTH SUPREME JUDICIAL DISTRICT

OF TEXAS

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

7/22/2015 8:40:01 AM

KEITH E. HOTTLE
Clerk

FELIX  FLORES,
Appellant

v.

STATE  OF  TEXAS
Appellee

Trial Cause Number 2013-CR-10149
Appeal from the 290th District Court
Bexar County, Texas

## BRIEF  FOR  THE  APPELLANT

JOHN M. ECONOMIDY
Attorney for Appellant
111 Soledad Street, Suite 348
San Antonio, Texas 78205
(210) 299-7685
economidy@att.net
State Bar No. 06404500

# Identity of Parties and Counsel

Pursuant to TEX. R. APP. PROC. 38.1(a), appellant identifies the following parties and counsel:

(1) **Felix Flores** (Defendant and Appellant)
TDCJ No. 1990293
Garza West
4250 Highway 202
Beeville, Texas 78102

(2) **State of Texas** (Plaintiff and Appellee)
By and through
Appellate Division
Bexar County District Attorney
101 W. Nueva Street
San Antonio, Texas 78205

(3) **Honorable Melisa Skinner** (Trial Judge)
290th District Court
Cadena-Reeves Justice Center, Fourth Floor
300 Dolorosa
San Antonio, Texas 78205

(4) **Ms. Wendy Wilson** (SBOT No. 24003241) (Lead Prosecutor)
**Mr. Eduardo Flores** (SBOT No. 24068686) (Prosecutor)
Bexar County District Attorney's Office
Paul Elizondo Tower, Fourth Floor
101 W. Nueva Street
San Antonio, Texas 78205

(5) **Juan P. Aguilera** (SBOT No. 00936700) (Trial Defense Counsel)
111 Soledad Street, Suite 300
San Antonio, Texas 78205

(6) **Appellate Division**    (Appellate Government Counsel-Appellee)
Bexar County District Attorney's Office
Paul Elizondo Tower, Seventh Floor
101 W. Nueva Street
San Antonio, Texas 78205

(7) **John  M.  Economidy** (SBOT No. 0404500)
Riverview Tower Suites        (Appeals Counsel for Appellant)
111 Soledad St., Suite 348
San Antonio, Texas 78205

# Table of Contents

**Page**

Identity of Parties and Counsel ……………………    i

Table of Contents ………………………………..    iii

Table of Authorities ………………………………..    v

Statement of the Case ……………………………….    1

Oral Argument Not Requested …………………….    3

Issues Presented ………………………………….    3

**Appellant's First Point of Error**

The trial judge erred by advising jurors
they had a right to disagree with the law.    3

**Appellant's Second Point of Error**

The trial judge's ruling on Juror 25
prevented defense counsel from developing
a challenge for cause    3

Statement of the Facts ………………………………..    3-7
     Issue One …………………………………    3-4
     Issue Two ………………………………..    4-7

Summary of the Argument …………………………..    7

Argument ………………………………………….    7-10
     Issue One …………………………………    7-8
     Issue Two …………………………………    8-10

Prayer ………………………………………………    10

Certificate of Compliance …………………………… 11

Certificate of Service ………………………………… 11-12

# Table of Authorities

**Page**

## *Cases*

*Anderson v. State*, 633 S.W.2d 851, 853
(Tex. Crim. App. 1982) ……………………………..          8

*Chapman v. California*, 386 U.S. 18, 24,
87 S. Ct. 824 (1967) …………………………………….          8, 10

*Franklin v. State* , 986 S.W.2d 349
(Tex. App.—Texarkana 1999) ………………………….          9

*Franklin v. State*, 12 S.W.3d 437, 479
(Tex. Crim. App. 2000)(*Franklin I*) …………………….          10

*Franklin v. State*, 23 S.W.3d 81, 83
(Tex. App.—Texarkana 2000) …………………………          10

*Franklin v. State*, 138 S.W.3d 351
(Tex. Crim. App. 2004)(*Franklin II*)………………….          9, 10

*Feldman v. State*, 70 S.W.3d 738, 744
(Tex. Crim. App. 2002) …………………………………          8

*Howard v. State*, 941 S.W.2d 102, 108
(Tex. Crim. App. 1996) …………………………………          9

*Howard v. State*, 333 S.W.3d 137, 139-140
(Tex. Crim. App. 2011) ………………………………..          3

*Threadgill v. State*,  146 S.W.3d 654, 667
(Tex. Crim. App. 2004) …………………………………          7

v.

## Statutes and Constitutions

TEX. CODE CRIM. PROC. art. 35.16(b)(3) & (c)(2) ……………    7

TEX. CONST. art. 1, § 10 ……………………………………….    9

TEX. CONST. art. 1, § 15 ……………………………………….    8

TEX. R. APP. PROC. 44.2(a) …………………………………    8, 10

IN THE COURT OF APPEALS

FOR THE

FOURTH SUPREME JUDICIAL DISTRICT

OF TEXAS

SAN ANTONIO, TEXAS

FELIX  FLORES,
Appellant

v.

STATE  OF  TEXAS
Appellee

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

TO THE COURT OF APPEALS FOR THE FOURTH SUPREME

JUDICIAL DISTRICT OF TEXAS:

This brief is filed on behalf of appellant.

## Statement of the Case

A Bexar County Grand jury indicted appellant Felix Flores on three

counts of aggravated robbery and a repeater enhancement in Cause No.

2013-CR-10149 (CR 5-6).  He used a handgun to rob three young women

at a car wash near Ingram Mall on May 25, 2013 and to leave with their car

and purses.  An initial trial began June 23, 2014, but it resulted in a mistrial

on June 24, 2014 (CR 19, paragraph 1).

The second trial began on February 17, 2015, and appellant elected to be punished by the trial judge in the event of conviction (RR, Vol. II, page 5; CR 11)   On the record, Appellant rejected a plea bargain offer of eight years imprisonment with no finding of a deadly weapon (RR, Vol. II, page 9). Voir dire was conducted (RR, Vol. II, page 11 *passim*).  Appellant pleaded not guilty to the three counts (RR, Vol. III, page 10, line 13).  After hearing the evidence presented at trial, jurors returned a finding of guilt on all three counts (RR, Vol. IV, Page 127; CR 63-68).  Sentencing was held on March 24, 2015 (RR, Vol. IV, page 1).  Prosecution, defense counsel, and appellant stipulated that the repeater enhancement was true (RR, Vol. V, pages 5-6). District Judge Melisa Skinner sentenced appellant to 25 years confinement (RR, Vol. V, page 22; judgments at CR 63-68).  The trial judge also entered an affirmative finding of use of a deadly weapon in the commission of the offenses (RR, Vol. V, page 23).  The trial court certified that defendant had a right to appeal (CR 82).  Appellant timely filed a notice of appeal on March 24, 2015 (CR 70).  On March 26, 2015, District Judge Skinner appointed John M. Economidy to represent appellant on this appeal (CR 77).

## Statement on Oral Argument

Oral argument is not requested.

## Issues Presented

### Appellant's First Point of Error

The trial judge erred by advising jurors
they had a right to disagree with the law.

### Appellant's Second Point of Error

The trial judge's ruling on Juror 25
prevented defense counsel from developing
a challenge for cause.

### Appellant's Third Point of Error--Abandoned[*]

### Statement of the Facts—Point I

The trial judge instructed jurors they could disagree with the law in

the following colloquy (RR, Vol. II, pages 15-18):

> And let me say this too, at the outset, <u>you have the absolute</u>
>
> <u>right to disagree with the law</u>. That's one of the many, many,
>
> many great things about this country. It makes our country
>
> great that you can say you know what, I know that's the law
>
> here, but I don't agree. You can say I know that's the concept
>
> of the Constitution, and I don't agree. You have the right to

---

[*] Appellate Counsel seriously considered raising the lack of sufficient evidence for Count III, as trial defense counsel had (RR, Vol. IV, page 94). However, the apprehension of fear goes to the culpable mental intent of the robber, not the victim. *Howard v. State*, 333 S.W.3d 137, 139-140 (Tex. Crim. App. 2011).

that as citizens of this country and by way of the Constitution.

So you're going to be asked a bunch of questions, and you have the right to disagreed with the law, right. And a lot of times, people walk in and say or they think, well, I can't say I'm not going to follow the law. Or, I can't say I don't agree with the law it's the law, but, yes, you can. By nature of your citizenship, you certainly can.

\* \* \*

That's the reason, by the way also there's 65 of you because you can disagree with the law that applies to this case.

The trial judge did not put her comments in context or limit them to voir dire. Neither prosecutor nor defense counsel objected. In her final charge to jurors, the trial judge gives a contradictory statement and tells jurors, "you are bound to received the law from the Court which is herein given to you and be governed by that law. (RR, Vol. III, page 105, lines 8-10).

## Statement of the Facts—Point 2

The State rested its case (RR, Vol. IV, page 75, line 5). Defense counsel then called witnesses Mary Lou Flores (RR, Vol. IV, page 75) and

- 4 -

Amanda Alemon (RR, Vol. IV, page 79). Suddenly, one of the jurors (Juror 25, seated as Juror # 8 [RR, Vol. II, page 109] provoked the following conversation (RR, Vol. IV, pages 89-90):

THE JUROR: Can I speak to you?

THE COURT: Yes. Let's do it this way, I'm going to have them (other jurors) taken out with the exception of this juror here. We have to do it on the record with the attorneys present. All right. Let's have everyone else out.

(Jury not present)

THE COURT: What is your name, sir?

THE JUROR: Aaron Gabriel Garcia.

THE COURT: And you're the former Juror Number 25, Aaron Gabriel Garcia? What did you need to say, sir?

THE JUROR: I just realized that I used to be a former neighbor of the defendant.

THE COURT: Of the defendant's. Is that going to effect (sic) you in any way?

THE JUROR: It should not.

THE COURT: I just wanted to make sure that that wouldn't be an issue. All right, sir. Thank you very much for letting us

- 5 -

know.  As long as it's not an issue with you and it will not effect (sic) how you judge this case, then it's not an issue with us.

THE JUROR:  Okay.

THE COURT:  So everything is fine then?  You're going to be able to judge this case based only on evidence that you hear from the witness stand?

THE JUROR:  (Nods affirmatively)

THE COURT:  That has to be a yes or no.

THE JUROR:  Yes.

THE COURT:  Okay.  Thank you very much

Seconds later, trial defense counsel objected to this disposition (RR, Vol. IV, page 98):

MR. AGUILERA:  Apparently the juror that indicated that he knew someone in the family.  He had an altercation with them, that's where he knows him from.

THE COURT:  Well, he's indicated he can still be fair in this case.  He has indicated that he can still be fair and that it wasn't going to effect his judgment, so.

MR. AGUILERA:  We'd object to him continuing as a juror,

Judge, just based on that information.

The Court requested input from the State and declared that "we're proceeding." Defense Counsel declared, "Note our exception, Judge." (RR, Vol. IV, page 98).

## Summary of the Argument

In Issue No. 1, the defendant was denied his right to have jurors were not biased on the law. The conflicting instructions that the trial judge gave left significant doubt that jurors would follow the law.

In Issue No. 2, the defendant was denied his constitutional right to inquire of the objectionable juror in order to strike the juror or move for a mistrial.

## Argument—Point of Error No. 1

It is fundamental that both prosecution and defense are entitled to jurors who lack a bias or prejudice against the law. TEX. CODE CRIM. PROC. art. 35.16(b)(3) and (c)(2). The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004). The law must be explained to the jurors, and the jurors must be asked whether they can follow the law regardless of their personal views. *Id.* at 667.

The right of trial by jury is inviolate in Texas. TEX. CONST. art. 1, § 15. This constitutional right means the right to an impartial jury. A prospective juror who has a bias or prejudice against any phase of the law upon which a party is entitled to rely is properly challengeable for cause. *Feldman v. State*, 70 S.W.3d 738, 744 (Tex. Crim. App. 2002).

By instructing jurors that they could disagree with the law, without giving context or limitation to the statement or clarifying the matter in the final jury charge, the trial judge committed error. Such conflicting instructions denied jurors guideposts for an informed deliberation. The judge's telling jurors that they were "bound to receive the law from the Court which is herein given to you and be governed by that law" is a vague and nebulous statement at best. Under the circumstances, defendant was denied jurors who knew that they must obey the law. Instead, defendant was subject to juror caprice. This was error in a constitutional sense, TEX. R. APP. PROC. 44.2(a), and the error was not harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824 (1967).

## Argument—Point of Error No. 2

The mere fact that a juror knows someone in the case is *not* a sufficient basis for disqualification. *Anderson v. State*, 633 S.W.2d 851, 853

- 8 -

(Tex. Crim. App. 1982)(Juror knew victim).

Article I, § 10 of the Texas Constitution guarantees the right to counsel, which includes the right of counsel to question members of the venire panel in order to intelligently exercise peremptory challenges. *Howard v. State*, 941 S.W.2d 102, 108 (Tex. Crim. App. 1996).

The situation for defendant Flores is similar to the aggravated sexual assault case of *Franklin v. State*, 138 S.W.3d 351 (Tex. Crim. App. 2004)(*Franklin II*). In *Franklin*, as here, the jury had been impaneled and evidence was being heard. Once the victim took the stand, a juror realized that the victim was a member of the girl scout troop of which she was the assistant leader and for which her daughter was a member.

In *Franklin*, as here, the juror told the trial judge she could judge the case only on evidence she heard from the stand. *Id*. at 352. *Compare with* RR, Vol. IV, p. 90, pages 9-14. The trial court in *Franklin* denied a defense request to question the juror. Franklin was convicted.

On appeal, the Court of Appeals found that the trial court erred in refusing further questioning, but error was **not** preserved. *Franklin*, 986 S.W.2d 349 (Tex. App.—Texarkana 1999).

The Court of Criminal Appeals granted a petition for discretionary

review.  *Franklin v. State*, 12 S.W.3d 437, 479 (Tex. Crim. App. 2000) (*Franklin I*).  The Court held the accused preserved error and remanded the case back to the Court of Appeals for a harm analysis.

On remand, the Court of Appeals determined the error was of constitutional dimension and reversed Franklin's conviction.  *Franklin v. State*, 23 S.W.3d 81, 83 (Tex. App.—Texarkana 2000).  The Court of Criminal Appeals granted the State's petition for discretionary review.

The Court of Criminal Appeals in *Franklin II* agreed with the Court of Appeals that the proper standard is the constitutional standard.  138 S.W.3, at 357.

As in *Franklin*, defense counsel should have been given the opportunity to question juror on his equivocal response of "It should not." This was error in a constitutional sense, TEX. R.  APP. PROC. 44.2(a), and the error was not harmless beyond a reasonable doubt.  *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824 (1967).

## Prayer

Harmful constitutional error occurred at the trial level. Appellant prays that his conviction be reversed and that the case be remanded for a new trial.

- 10 -

Respectfully submitted,

LAW OFFICE OF JOHN M. ECONOMIDY
Riverview Towers
111 Soledad, Suite 348
San Antonio, Texas 78205
Work: (210) 299-7685
E-mail: economidy@att.net

/s/
**JOHN M. ECONOMIDY**
Attorney for Appellant

### *Certificate of Compliance*

Pursuant to Texas Court of Criminal Appeals Order Misc. Dkt 13-003, Rule 9.4 (i)(3), I certify that this appellant's brief has been electronically filed in PDF format on the date of service listed below. I certify that the brief has but 12 pages and is under the 25-page limit and has 1,933 words versus the 7,500 word limit. The front is Times New Roman, and the font size is 14 points. Computer is Microsoft XP. I certify that I have complied with the privacy requirements of Rule 9.10(a), (b), and (d).

/s/
JOHN M. ECONOMIDY

### *Certificate of Service*

I hereby certify that on the below referenced date that I hand-delivered Appellant's brief to counsel for appellee:

Appellate Division
Bexar County District Attorney's Office
Paul Elizondo Tower, Seventh Floor
101 W. Nueva Street
San Antonio, Texas 78205

and mailed a copy to the appellant:

    Felix Flores
    TDCJ No. 1990293
    Garza West
    4250 Highway 202
    Beeville, Texas 78102

                                    /s/
                            JOHN M. ECONOMIDY
                            Date: July 22, 2015