*1377-15*

NO. _____

ORIGINAL

# IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS

FELIX FLORES, Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

V.

THE STATE OF TEXAS

## PETITION FOR DISCRETIONARY REVIEW

| No. 2013-CR-10149 | § | No. 04-15-00172-CR |
| --- | --- | --- |
|  | § |  |
| DISTRICT COURT | § | COURT OF APPEALS |
|  | § |  |
|  | § | FOURTH SUPREME |
| 290TH JUDICIAL DISTRICT | § | JUDICIAL DISTRICT |

FILED IN
COURT OF CRIMINAL APPEALS

OCT 22 2015

Abel Acosta, Clerk

FELIX FLORES
TDCJ NO. 1990293
Garza West
4250 Highway 202
Beeville, Texas 78102
Appellant *Pro Se*

# Table of Contents

Page

Index of Authorities .......................................

Statement Regarding Oral Argument ...................

Statement of the Case ....................................

Statement of Procedural History ........................

Grounds for Review
        Ground No. 1 ......................................

                    THE COURT OF APPEALS ERRED
                    IN ITS RULING THAT THE TRIAL
                    COURT DID NOT ERR IN ADVISING
                    JURORS THEY HAD A RIGHT TO
                    DISAGREE WITH THE LAW

        Ground No. 2

                    THE COURT OF APPEALS ERRED
                    IN ITS RULING THAT THE APPELLANT
                    WAIVED ERROR ON STRIKING JUROR 25

Argument
        Ground No. 1 ......................................

        Ground No. 2 ......................................

Certificate of Service ....................................

Court of Appeals Opinion ...............................

i.

# Index of Authorities

Page

**Page**

## *Cases*

*Anderson v. State*, 633 S.W.2d 851, 853
  (Tex. Crim. App. 1982) ...............................

*Chapman v. California*, 386 U.S. 18, 24,
  87 S. Ct. 824 (1967) ................................

*Franklin v. State* , 986 S.W.2d 349
  (Tex. App.—Texarkana 1999) .............................

*Franklin v. State*, 12 S.W.3d 437, 479
  (Tex. Crim. App. 2000)(*Franklin I*) ....................

*Franklin v. State*, 23 S.W.3d 81, 83
  (Tex. App.—Texarkana 2000) .............................

*Franklin v. State*, 138 S.W.3d 351
  (Tex. Crim. App. 2004)(*Franklin II*)....................

*Feldman v. State*, 70 S.W.3d 738, 744
  (Tex. Crim. App. 2002) ...............................

*Howard v. State*, 941 S.W.2d 102, 108
  (Tex. Crim. App. 1996) ...............................

*Howard v. State*, 333 S.W.3d 137, 139-140
  (Tex. Crim. App. 2011) ...............................

*Threadgill v. State*,  146 S.W.3d 654, 667
  (Tex. Crim. App. 2004) ...............................

## *Statutes and Constitutions*

TEX. CODE CRIM. PROC. art. 35.16(b)(3) & (c)(2) ...............

TEX. CONST. art. 1, § 10 ..........................................

TEX. CONST. art. 1, § 15 ..........................................

TEX. R. APP. PROC. 44.2(a) .......................................

iii.

# IN THE COURT OF CRIMINAL APPEALS

## OF TEXAS

FELIX FLORES, Appellant

V.

THE STATE OF TEXAS

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES
OF THE TEXAS COURT OF CRIMINAL APPEALS.

### Statement Regarding Oral Argument

Oral argument is waived.

### Statement of the Case

A Bexar County Grand jury indicted appellant Felix Flores on three counts of aggravated robbery and a repeater enhancement in Cause No. 2013-CR-10149 (CR 5-6). An initial trial began June 23, 2014, but it resulted in a mistrial on June 24, 2014 (CR 19, paragraph 1).

The second trial began on February 17, 2015, and appellant elected to

1

be punished by the trial judge in the event of conviction (RR, Vol. II, page 5; CR 11) Appellant pleaded not guilty to the three counts (RR, Vol. III, page 10, line 13). Jurors returned a finding of guilt on all three counts (RR, Vol. IV, Page 127; CR 63-68). At judge-alone sentencing on March 24, 2015 (RR, Vol. IV, page 1), District Judge Melisa Skinner sentenced appellant to 25 years confinement (RR, Vol. V, page 22; judgments at CR 63-68). Defendant appealed through court-appointed counsel. The Court of Appeals for the Fourth Supreme Judicial District affirmed the conviction on October 7, 2015. There was no motion for rehearing.

## Grounds for Review

### *Ground No. 1*

> THE COURT OF APPEALS ERRED
> IN ITS RULING THAT THE TRIAL
> COURT DID NOT ERR IN ADVISING
> JURORS THEY HAD A RIGHT TO
> DISAGREE WITH THE LAW.
> (RR, Vol. II, pages 15-18):

### *Ground No. 2*

> THE COURT OF APPEALS ERRED
> IN ITS RULING THAT THE APPELLANT
> WAIVED ERROR ON STRIKING JUROR 25
> (RR, Vol. IV, pages 89-90)

2

## Argument

### *Ground No. 1*

● Direct, concise argument with supporting authorities amplifying the reasons for granting review, here failure to follow precedent. Give reasons under TRAP 66.3 departed from precedent. CA conflicts with applicable decisions of CCA.

### *Ground No. 2*

● Appellant did not waive his proper challenge against Juror No. 25.

## Prayer for Relief

Appellant prays for court-appointed counsel to assist in the preparation of a proper brief is the court grants this petition for discretionary review. Appellant prays for the Court to reverse and remand appellant's case for a new trial.

Respectfully submitted,

FELIX FLORES
TDCJ NO. 1990293
Byrd Unit
21 FM 247
Huntsville, Texas 77320
Appellant *Pro Se*

## *Certificate of Service*

I hereby certify that on the below referenced date that I sent the above petition for discretionary relief to appellee:

3

Appellate Division
Bexar County District Attorney's Office
Paul Elizondo Tower, Seventh Floor
101 W. Nueva Street
San Antonio, Texas 78205

and to the State Prosecuting Attorney:

Ms. Lina M. McMinn
State Prosecuting Attorney
P. O. Box 13046
Austin, Texas 78711-3046

FELIX FLORES

4



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00172-CR

Felix **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10149
Honorable Melisa Skinner, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  October 7, 2015

AFFIRMED

A jury found appellant guilty on three counts of aggravated robbery, and the trial court assessed punishment at twenty-five years' confinement.  In two issues, appellant asserts the trial court erred by telling the jurors they could disagree with the law and the trial court prevented defense counsel from developing a challenge for cause.  We affirm.

## DISAGREEING WITH THE LAW

A prospective juror who has a bias or prejudice against any phase of the law upon which a party is entitled to rely is properly challengeable for cause.  *Threadgill v. State*, 146 S.W.3d 654,

667 (Tex. Crim. App. 2004). The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Id.* Before a prospective juror can be excused for cause on this basis, however, the law must be explained to him and he must be asked whether he can follow that law regardless of his personal views. *Id.*

On appeal, appellant asserts he was denied his right to jurors who were not biased against the law because the trial court told the jury venire the law could be ignored. Appellant complains about the following remarks made by the trial court:

> And let me say this too, at the outset you have the absolute right to disagree with the law. That's one of the many, many, many great things about this country. It makes our country great that you can say you know what I know that's the law here but I don't agree. You can say I know that's the concept in the Constitution and I don't agree. You have the right to that as citizens of this country and by way of the Constitution.

> So you're going to be asked a bunch of questions and you have the right to disagree with the law, right. So let's start with that. And a lot of times people walk in and say or they think well, I can't say I'm not going to follow the law. Or I can't say I don't agree with the law, it's the law yes, but you can. By nature of your citizenship you certainly can.

> [portion of trial court's comments omitted]

> That's the reason, by the way also that there's 65 of you because you can disagree with the law that applies in this case.

We disagree with appellant's characterization of the trial court's comments. Omitted from the complained-of comments above were the following comments:

> So anything that I say that you disagree with, if I ask you if you disagree let me know. There's not going to be a problem with that. Anything the attorneys say, let them know. That's why you're here. That's why you take the oath in the morning with the Judge you talked to at the very beginning in the morning. You take an oath to answer the questions truthfully.

Also, this paragraph as well as comments made by the trial court both before and after the complained-of comments provided the necessary context for the court's comments about ignoring

the law. After a few brief introductory remarks and before the complained-of comments, the trial court asked how many of the venire members had previously been present for jury selection in a criminal case. The court then stated:

> When I say this is jury selection, it really isn't jury selection. It really is a process of deselection and what I mean by that is we have 12 people that we need to select as jurors on a felony case and this is a felony court. An aggravated robbery is a felony offense so we need 12 jurors. Each side gets to eliminate 10 people for whatever reason. They're called peremptory strikes. They get to make 10 strikes a side.

The court then asked, "So why in the world would we have 65 people crammed into this very hot courtroom right now?" The trial court answered its own question by acknowledging that "there are certain cases that are just not the right case[] . . . for specific jurors." By way of example, the trial court said if someone left their house one morning for jury duty and discovered their car had been burglarized, finding out the case they were to sit on involved burglary of a vehicle might not be the right case for that juror on that day. The court then made the complained-of comments.

After these comments, the trial court asked the venire a series of questions about various concepts in the law. For example, the court asked whether there was anyone who would not hold the State to its burden of beyond a reasonable doubt; whether anyone would consider the indictment evidence of guilt despite being instructed not to; whether anyone would not afford the defendant the presumption of innocence despite being instructed to do so; and whether anyone would hold the defendant's not testifying in his own behalf against him despite being instructed not to.[1]

It is clear from the entirety of the trial court's comments that the court was not telling the venire members they could disagree with the law if they were selected as one of the twelve jurors.

---

[1] We also note that, after the jury was selected, all evidence was presented, and the charge was read to the jury, the trial court instructed the jurors that they must follow the law.

Instead, the clear meaning of the court's comments was to inform the potential jurors that—as part of the process of selecting a jury—they had the right to disagree with the law, with what the judge said, or with what the lawyers said, and—if they disagreed—they should voice their disagreement because they took an oath to answer questions honestly. Encouraging the venire members to answer honestly provided both the State and defense counsel with the opportunity to further question a particular venire member and, if necessary, challenge the potential juror for cause or exercise a peremptory strike. For these reasons, we conclude appellant's first issue lacks merit.

## CHALLENGE FOR CAUSE

In his second and final issue, appellant asserts the trial court prevented defense counsel from striking a specific juror for cause.

After the State rested its case and just as defense counsel was about to call his second witness, one of the jurors asked to speak with the trial court. The trial court excused the jury panel and asked, with counsel present, what the juror needed to say. The juror responded, "I just realized that I used to be a former neighbor of the defendant." The following colloquy between the trial court and the juror occurred:

> Trial court: Of the defendant's? Is that going to effect [sic] you in any way?
>
> Juror: It should not.
>
> Trial court: I just wanted to make sure that that wouldn't be an issue.
> All right, sir. Thank you very much for letting us know. As long as it's not an issue with you and it will not effect [sic] how you judge this case, then it's not an issue with us.
>
> Juror: Okay.
>
> Trial court: So everything is fine then? You're going to be able to judge this case based only on evidence that you hear from the witness stand?
>
> Juror: (Nods affirmatively)
>
> Trial court: That has to be a yes or no.

Juror: Yes.

Trial court: Okay. Thank you very much. If you will go ahead and step outside, please.
Just keep him out in the hallway for a few minutes because I need to know what is going on.

The trial court then asked about the location of defense counsel's next witness, and counsel said the witness was present and her testimony would take about five minutes. The trial then continued. On appeal, appellate counsel contends "seconds later" defense counsel objected to the juror continuing. The record, however, does not support this argument.

Rather than "seconds" passing between the trial court allowing the juror to remain on the panel and defense counsel objecting, the record actually reveals that during this time span (1) defense counsel briefly questioned his second witness; (2) the defense rested and closed; (3) the trial court released the jurors for lunch; (4) defense counsel moved for a directed verdict which, after the State responded, the trial court denied; (5) the court, the State, and defense counsel discussed whether to sequester the jury overnight; and (6) the trial court explained to the jurors that if deliberations began immediately, there was a possibility they could be sequestered, they could decide when they wanted to begin deliberations, and they were excused to discuss their options. While the jury was out discussing when to begin deliberations, defense counsel stated to the court and the State:

> [Defense counsel]: Apparently the juror that indicated that he knew someone in the family. He had had an altercation with them, that's where he knows him from.
>
> Trial court: Well, he's indicated he can still be fair in this case. He has indicated that he can still be fair and that it wasn't going to effect [sic] his judgment, so.
>
> Defense counsel: We'd object to him continuing as a juror, Judge, just based on that information.
>
> Trial court: All right. What says the State?

Prosecutor: Your Honor, I believe the defense had ample opportunity to bring this up during voir dire and it wasn't brought up, so.

The trial court then stated "We're proceeding," and defense counsel stated "Note our objection, Judge."

On appeal, appellant contends this case is similar to *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004) ("*Franklin II*"), in which the Court of Criminal Appeals held the improper limitation on defense counsel's ability to question a juror violated the defendant's constitutional right of a trial by an impartial jury. In that case, during voir dire, defense counsel asked the venire members if they knew any of the participants in the trial, and none of the jurors indicated that they knew the participants. During trial, when the State called its first witness—the victim—to the stand, one of the jurors notified the judge that she knew the victim. The juror told the judge she had not recognized the victim's name during voir dire but recognized the victim when she saw her at trial. The trial court asked the juror if she could listen to the evidence in the case and base her judgment only on what she heard from the stand, and the juror responded that she could. Defense counsel moved for a mistrial, stating that if he had known about the relationship between the juror and the victim, he would have exercised a peremptory challenge. Defense counsel also requested to ask the juror additional questions about her relationship with the victim. When the trial court refused to allow additional questioning, defense counsel objected that his client's due process rights were being violated. Defense counsel argued the judge was preventing him from developing any testimony regarding potential biases. Nevertheless, the trial court overruled defense counsel's objections and denied the motion for mistrial. *Id.* at 352.

Unlike in *Franklin*, in this case, defense counsel did not ask during voir dire if any venire member knew the defendant. *See Webb v. State*, 232 S.W.3d 109, 113 (Tex. Crim. App. 2007) (noting that "it is incumbent upon counsel to specifically ask questions which will determine

whether they have a right to challenge the venire member"). Later, during trial, when the juror said he knew appellant, defense counsel did not immediately object. *State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008) ("Even so, the Sixth Amendment right to an impartial jury is just that—a right. We have held that the right to trial by impartial jury, like any other right, is subject to waiver (or even forfeiture) by the defendant in the interest of overall trial strategy. Indeed, the Legislature has expressly made a defendant's right to challenge a prospective juror for cause on the basis of an actual bias subject to waiver."). When counsel later raised an objection, he did not ask to question the juror or offer the questions he would have asked. *See Franklin v. State*, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000) ("*Franklin I*") (defense counsel specifically requested that he be able to ask "questions concerning the nature of the relationship with [the victim], how long it had lasted, whether or not she could set aside any of her relationship with [the victim] in sitting in judgment in this particular case, or whether she would tend to give more credence or less credence to [the victim]'s testimony and truthfulness due to that relationship." Trial court's refusal to allow counsel's request to ask these questions amounted to a direct order not to ask the questions; therefore, defendant properly preserved the issue for review).

On this record, we conclude appellant did not preserve his complaint for our review on appeal.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

Do not publish

-7-